UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES FERGUSON,<br><br>Plaintiff,<br><br>vs.<br><br>MINNESOTA DEPARTMENT OF CORRECTIONS,<br><br>CENTURION OF MINNESOTA, LLC, and<br><br>FRED McRAE ROBERSON, M.D., in his individual and official capacity for actions under color of law as Plaintiff's treating physician at Minnesota Department of Corrections,<br><br>Defendants. | Court File No._____<br><br><br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff James Ferguson for his cause of action against the Defendants, and each of them, states and alleges as follows:

1.  This is an action for money damages arising out of deliberate and inhumane indifference to the obvious and serious medical needs of Plaintiff by Minnesota Department of Corrections, Centurion of Minnesota, LLC, and Fred McRae Roberson, M.D. on December 9, 2014 when Dr. Roberson used a wire clothes hanger to insert a catheter into Plaintiff.

2.  The deliberate and inhumane indifference of Defendants proximately caused Plaintiff permanent and severe physical problems and defects and imposed unnecessary and prolonged pain and suffering, thereby violating his federal civil rights all while acting under color of state law.

1

## JURISDICTION

3. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Eighth and Fourteenth Amendments to the Constitution, and 28 U.S.C. §§ 1331 and 1343(a)(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this cause of action. Plaintiff also asserts state law claims, which this Court has jurisdiction over pursuant to 28 U.S.C. §1367.

## PARTIES

4. Plaintiff James Ferguson is a citizen of the United States, a resident of the State of Minnesota, and, at all times material herein, was an inmate at the Minnesota Correctional Facility-Faribault ("MCFF").

5. Defendant Minnesota Department of Corrections ("MN DOC") is an agency of the State of Minnesota, with its principal place of business and headquarters in the City of St. Paul, Ramsey County, State of Minnesota.

6. Defendant MN DOC is, and at all times material herein, was charged with the creation and implementation of practices and policies for the safety, health and medical needs of inmates at MCFF.

7. Defendant MN DOC is, and at all times material herein, was charged with control and supervision of all personnel of MCFF.

8. Defendant Centurion of Minnesota, LLC ("CENTURION") is a for-profit corporation with its registered office address located in the City of St. Paul, Ramsey County, State of Minnesota.

9. Defendant CENTURION contracted with MN DOC to provide medical treatment services to MN DOC inmates, including physician services, beginning January 1, 2014.

10. Defendant CENTURION, through its contract with MN DOC is, and at all times material herein, was charged by MN DOC with the creation and implementation of practices and policies for the health and medical needs of inmates at MCFF.

11. Defendant CENTURION, through its contract with MN DOC is, and at all times material herein, was charged by MN DOC with control and supervision of medical staff personnel at MCFF, including Defendant Fred McRae Roberson, M.D.

12. Upon information and belief, Defendant Fred McRae Roberson, M.D. ("DR. ROBERSON") was at all times material herein a citizen of the United States and a resident of the State of Minnesota.

13. DR. ROBERSON provided medical services to Plaintiff at MCFF, pursuant to, and acting under color of state law, as medical staff at MN DOC through a contract with Defendant CENTURION.

## FACTS

14.     In June 2006, Plaintiff was diagnosed with a right parietal ependymoma (brain tumor) requiring surgical resection; Plaintiff subsequently suffered left-sided weakness and was rendered non-ambulatory.

15.     In September 2008, Plaintiff required the placement of a Foley catheter for urinary incontinence related to the recurrence of the brain tumor; the Foley catheter required monthly replacement.

16.     On December 9, 2014, Defendant DR. ROBERSON was called to reinsert Plaintiff's Foley catheter which had fallen out.

17.     When Defendant DR. ROBERSON was unable to reinsert Plaintiff's catheter, he proceeded to use an unsterile wire coat hanger as a guide to push the catheter into Plaintiff.

18.     Defendant DR. ROBERSON refused to use a sterile loop provided to him by nurse supervisor Jody Ohnstad, RN.

19.     Defendant DR. ROBERSON dismissed protests by nursing staff that he could not use a wire coat hanger to reinsert the catheter, saying "the hell I can't" and "watch me."

20.     As Defendant DR. ROBERSON continued to push the catheter into Plaintiff with the unsterile wire coat hanger as a guide, Plaintiff grimaced and moaned in pain.

21.     As a result of Defendant DR. ROBERSON using an unsterile wire coat hanger to reinsert the catheter, Plaintiff subsequently suffered swelling and tenderness at the catheter site.

22.     As a result of Defendant DR. ROBERSON using an unsterile wire coat hanger to reinsert the catheter, Plaintiff suffered and continues to suffer pain and leakage of urine at the catheter site which saturates the dressing at the site and Plaintiff's clothing, requiring multiple clothing changes in a day.

## COUNT ONE

### CIVIL RIGHTS VIOLATIONS BY DEFENDANTS MN DOC AND CENTURION

23.     Plaintiff restates and realleges the allegations contained in paragraphs 1-22 herein against Defendant MN DOC and Defendant CENTURION as though fully set forth herein.

24.     Defendants MN DOC and CENTURION tolerated, permitted, failed to correct, failed to properly supervise and failed to properly instruct and train medical staff, including Defendant DR. ROBERSON, thereby depriving individuals, including Plaintiff, of their civil rights including, without limitation, their right to be incarcerated in a manner ensuring their health and welfare and/or their being afforded reasonable care to ensure their personal health and welfare.

25.     As a direct and proximate result of the aforesaid acts, omissions, policies and/or practices of Defendant MN DOC and Defendant CENTURION, Plaintiff has suffered a violation of his civil rights from which Plaintiff

has been damaged in an amount exceeding seventy-five thousand dollars ($75,000.00).

## COUNT TWO

### CIVIL RIGHTS VIOLATIONS BY DEFENDANT DR. ROBERSON
### IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES

26. Plaintiff restates and realleges the allegations contained in paragraphs 1-25 herein against Defendant DR. ROBERSON as though fully set forth herein.

27. By the actions described above, Defendant DR. ROBERSON, while acting in both his official and individual capacities, violated and deprived Plaintiff of his civil rights including, without limitation, Plaintiff's right to be incarcerated in a manner ensuring his health and welfare and/or his being afforded reasonable care to ensure his personal health and welfare.

28. Defendant DR. ROBERSON, while acting in both his official and individual capacities, subjected Plaintiff to these deprivations of his civil rights either maliciously or by acting with reckless disregard as to whether Plaintiff's civil rights would be violated by such actions.

29. As a direct and proximate result of the acts and/or omissions of Defendant DR. ROBERSON, Plaintiff has been damaged in an amount exceeding seventy-five thousand dollars ($75,000.00).

## COUNT THREE

### NEGLIGENCE UNDER MINNESOTA COMMON LAW
### AGAINST ALL DEFENDANTS

30.     Plaintiff restates and realleges the allegations contained in paragraphs 1-29 herein against all Defendants as though fully set forth herein.

31.     Defendants MN DOC, CENTURION and DR. ROBERSON had a duty to provide for the safety, health, and general well-being of Plaintiff, including Plaintiff's obvious and serious medical needs.

32.     Defendants negligently disregarded Plaintiff's safety, health, and general well-being, including Plaintiff's obvious and serious medical needs.

33.     Defendants negligently failed to provide appropriate and adequate medical equipment to care for Plaintiff's safety, health, and general well-being, including Plaintiff's obvious and serious medical needs.

34.     Defendant MN DOC and/or Defendant CENTURION are liable for the acts and omissions of Defendant DR. ROBERSON under the doctrine of *respondeat superior*.

35.     As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff has been damaged in an amount exceeding seventy-five thousand dollars ($75,000.00).

WHEREFORE, Plaintiff James Ferguson prays for judgment against Defendants as follows:

36.     As to Count One, money judgment against Defendant MN DOC and Defendant CENTURION for compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000.00), together with costs,

including reasonable attorney's fees under 42 U.S.C. §1988 and prejudgment interest.

37. As to Count Two, money judgment against Defendant DR. ROBERSON for compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000.00), together with costs, including reasonable attorney's fees under 42 U.S.C. §1988 and prejudgment interest.

38. As to Count Three, money judgment against all Defendants for compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000.00), together with costs, disbursements, and prejudgment interest.

39. For such other and further relief as this Court may deem just and equitable.

10/31/2018
Dated

*Shannon Carey*
Shannon C. Carey, #386804
Attorney for Plaintiff
**SiebenCarey, P.A.**
901 Marquette Avenue
Suite 500
Minneapolis, MN 55402-3205
(612) 333-9712
Shannon.carey@knowyourrights.com