UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JAMES FERGUSON, | Civil No.: 0:18-cv-03075 (JRT/KMM) |
| Plaintiff, | |
| vs. | |
| MINNESOTA DEPARTMENT OF CORRECTIONS, CENTURION OF MINNESOTA, LLC, and FRED McRAE ROBERSON, M.D., in his individual and official capacity for actions under color of law as Plaintiff's treating physician at Minnesota Department of Corrections, | **ANSWER OF CENTURION OF MINNESOTA, LLC TO PLAINTIFF'S COMPLAINT** |
| Defendants. | |

---

Defendant Centurion of Minnesota, LLC ("Centurion") for its Answer to Plaintiff's Complaint (ECF No. 1), states as follows:

Centurion denies each and every allegation contained in Plaintiff's Complaint except as expressly admitted, denied, or qualified herein.

1. Paragraph 1 contains a summary and characterization of Plaintiff's claims to which no response is required. To the extent a response is required, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof. Centurion also refers to Plaintiff's medical records, which speak for themselves.

2. Centurion denies Paragraph 2 of Plaintiff's Complaint.

## JURISDICTION

3. Paragraph 3 contains legal conclusions to which no response is required.

## PARTIES

4. In response to Paragraph 4, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof.

5. Paragraph 5 is directed at another party such that no response is required by Centurion. To the extent a response is required, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof.

6. Paragraph 6 is directed at another party such that no response is required by Centurion. To the extent a response is required, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof.

7. Paragraph 7 is directed at another party such that no response is required by Centurion. To the extent a response is required, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof.

8. In response to Paragraph 8, Centurion admits that it is a limited liability corporation with its registered office located in St. Paul, Minnesota.

9. In response to Paragraph 9, Centurion admits that it provides health care

services at certain Minnesota correctional facilities pursuant to an agreement, which speaks for itself.

10. In response to Paragraph 10, Centurion admits that it provides health care services at certain Minnesota correctional facilities pursuant to an agreement, which speaks for itself.

11. In response to Paragraph 11, Centurion admits that it provides health care services at certain Minnesota correctional facilities pursuant to an agreement, which speaks for itself. Centurion states that Dr. Roberson was an employee of Centurion and has provided services at the Faribault correctional facility.

12. Paragraph 12 is directed at another party such that no response is required by Centurion. To the extent a response is required, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof.

13. In response to Paragraph 13, Centurion states that Dr. Roberson was an employee of Centurion and has provided services at the Faribault correctional facility.

## FACTS

14. In response to Paragraph 14, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof. Centurion also refers to Plaintiff's medical records, which speak for themselves.

15. In response to Paragraph 15, Centurion states that it is without sufficient

information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof. Centurion also refers to Plaintiff's medical records, which speak for themselves.

16.     Paragraph 16 is directed at another party such that no response is required by Centurion. To the extent a response is required, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof. Centurion also refers to Plaintiff's medical records, which speak for themselves.

17.     Paragraph 17 is directed at another party such that no response is required by Centurion. To the extent a response is required, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof. Centurion also refers to Plaintiff's medical records, which speak for themselves.

18.     Paragraph 18 is directed at another party such that no response is required by Centurion. To the extent a response is required, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof. Centurion also refers to Plaintiff's medical records, which speak for themselves.

19.     Paragraph 19 is directed at another party such that no response is required by Centurion. To the extent a response is required, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a

result, puts Plaintiff to his burden of proof. Centurion also refers to Plaintiff's medical records, which speak for themselves.

20.     Paragraph 20 is directed at another party such that no response is required by Centurion. To the extent a response is required, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof. Centurion also refers to Plaintiff's medical records, which speak for themselves.

21.     Paragraph 21 is directed at another party such that no response is required by Centurion. To the extent a response is required, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof. Centurion also refers to Plaintiff's medical records, which speak for themselves.

22.     Paragraph 22 is directed at another party such that no response is required by Centurion. To the extent a response is required, Centurion states that it is without sufficient information to form a belief as to the truth or falsity of the allegations and, as a result, puts Plaintiff to his burden of proof. Centurion also refers to Plaintiff's medical records, which speak for themselves. The remaining portions of this Paragraph contain medical conclusions to which no response is required or which require medical expert analysis.

## COUNT ONE
## CIVIL RIGHTS VIOLATIONS BY
## DEFENDANTS MN DOC AND CENTURION

23. In response to Paragraph 23, Centurion refers to its responses above.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

## COUNT TWO
## CIVIL RIGHTS VIOLATIONS BY DEFENDANT DR. ROBERSON
## IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES

26. In response to Paragraph 26, Centurion refers to its responses above.

27. Paragraph 27 contains legal conclusions to which no response is required. Paragraph 27 is also directed at another party such that no response is required by Centurion.

28. Paragraph 28 contains legal conclusions to which no response is required. Paragraph 28 is also directed at another party such that no response is required by Centurion.

29. Paragraph 29 contains legal conclusions to which no response is required. Paragraph 29 is also directed at another party such that no response is required by Centurion.

## COUNT THREE
## NEGLIGENCE UNDER MINNESOTA COMMON LAW
## AGAINST ALL DEFENDANTS

30. In response to Paragraph 30, Centurion refers to its responses above.

31. Paragraph 31 contains legal conclusions to which no response is required.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

***

Plaintiff's Prayer for Relief (Paragraphs 36-39) contains no allegations to which a response is required. To the extent a response is required, Centurion denies that Plaintiff is entitled to any of the relief sought from Centurion in the Prayer for Relief portion of its Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matter for which the burden rests upon Plaintiff or waiving defenses not raised below, Centurion asserts the following defenses with respect to the Complaint:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim against Centurion for which relief can be granted.

### Second Affirmative Defense

Plaintiff may not recover damages to the extent Plaintiff failed to mitigate his alleged damages.

### Third Affirmative Defense

Any recovery by Plaintiff may be barred or reduced by the negligence, fault,

carelessness, or intentional acts of others for whose conduct Centurion is not responsible.

### Fourth Affirmative Defense

Plaintiff's damages, if any, are the result of intervening and/or superseding events, occurrences, or conditions that were not caused by Centurion, and for which Centurion is not liable.

### Fifth Affirmative Defense

Plaintiff's damages, if any, are the result of pre-existing and/or subsequent medical conditions for which Centurion is not responsible.

### Sixth Affirmative Defense

Plaintiff's causes of action are barred for want of a legal duty.

### Seventh Affirmative Defense

Plaintiff has failed to satisfy the requirements of Minn. Stat. § 145.682, and demand is hereby made for compliance.

### Eighth Affirmative Defense

Plaintiff's claims may be barred by Minnesota Statute, including, but not limited to, Minn. Stat. § 3.736 and/or the Prison Litigation Reform Act of 1995 and Minn. Stat. § 563.

### Ninth Affirmative Defense

Plaintiff's claims may be barred for failure to exhaust administrative remedies.

Centurion is continuing its investigation and study of all facts and circumstances of the subject matter of Plaintiff's Complaint and, accordingly, reserves the right to amend, modify, revise, or supplement its Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of such investigation and study.

WHEREFORE, Centurion respectfully requests that this Court:

(i) Enter judgment dismissing Plaintiff's Complaint with prejudice;

(ii) Award Centurion its attorneys' fees, costs, and disbursements incurred; and

(iii) Award Centurion any and all other relief that the Court deems just and equitable.

Date: November 15, 2018

**LARSON • KING, LLP**

By: s/Anthony J. Novak
Mark A. Solheim (213226)
Anthony J. Novak (351106)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN 55101
Tel: (651) 312-6500
Fax: (651) 312-6618
msolheim@larsonking.com
tnovak@larsonking.com

*Attorneys for Defendant*
*Centurion of Minnesota, LLC*