UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Ferguson,                                          Court File No. 18-cv-03075 (JRT/KMM)

        Plaintiff,

   v.

Minnesota Department of Corrections,
Centurion of Minnesota, LLC, and Fred          **STATE DEFENDANT'S**
McRae Roberson, M.D., in his individual        **MEMORANDUM OF LAW IN**
and official capacity for actions under        **SUPPORT OF**
color of law as Plaintiff's treating           **MOTION TO DISMISS**
physician at Minnesota Department of
Corrections,

        Defendants.

**INTRODUCTION**

Defendant Minnesota Department of Corrections ("State Defendant") moves the

Court to dismiss all of Plaintiff's claims against it, pursuant to Federal Rule of Civil

Procedure 12(b)(1) and 12(b)(6), for lack of subject-matter jurisdiction and failure to

state a claim upon which relief can be granted.  Plaintiff's claims against State Defendant

should be dismissed because the Court is prohibited from exercising subject-matter

jurisdiction under the State's Eleventh Amendment sovereign immunity, and because

Plaintiff fails to plead a claim to relief that is plausible on its face.

**BACKGROUND**

Plaintiff James Ferguson was at all times relevant to this case an inmate at the

Minnesota Correctional Facility located in Faribault ("MCF-Faribault").  (Compl. [Doc.

No. 1] ¶ 4.)  Plaintiff filed his Complaint on November 1, 2018, alleging federal civil

rights violations and negligence in connection with an incident involving Defendant Dr. Fred McRae Roberson ("Roberson") in 2014.  Roberson was employed by Defendant Centurion of Minnesota, LLC ("Centurion"), to provide medical care at MCF-Faribault. (*Id.* ¶¶ 10, 13.)

Plaintiff, who at the time of the incident required a catheter, alleges that Roberson was called to replace the catheter after it had fallen out. (*Id.* ¶¶ 14-16.)  Plaintiff alleges that Roberson used "an unsterile wire coat hanger as a guide to push the catheter into Plaintiff," over protests from Plaintiff and a nurse in the room.  (*Id.* ¶¶ 17-20.)  Plaintiff's Complaint alleges that Defendants Minnesota Department of Corrections, Centurion, and Roberson violated his Eighth and Fourteenth Amendment rights, and also that they are liable for negligence. (*Id.* ¶¶ 23-35.)    State Defendant now moves for dismissal of all claims against it.

## STANDARD OF REVIEW

"Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. F.D.I.C.*, 915 F.2d 1171, 1174 (8th Cir. 1990).  The existence of subject-matter jurisdiction is a question of law. *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990).  A federal court must dismiss a claim if it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3).  Under Rule 12, "the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015) (internal quotation marks and citation omitted) (emendation in original).  "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of

jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005). In cases where Eleventh Amendment sovereign immunity applies, federal courts are without subject-matter jurisdiction. *See Portz v. St. Cloud State Univ.*, 297 F. Supp. 3d 929, 939 (D. Minn. 2018) (citing *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999)).

A motion to dismiss for failure to state a claim must be granted where the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Courts must accept a plaintiff's specific factual allegations as true but are not required to accept a plaintiff's legal conclusions." *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010). A complaint falls short where it pleads facts that are merely *consistent* with a theory of liability but does not permit the court to infer more than the possibility of misconduct. *Iqbal*, 556 U.S. at 678.

## ARGUMENT

I. **THE COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS**

A. **Plaintiff's §1983 Claim is Barred by Eleventh Amendment Immunity**

Plaintiff's Count One alleges "Civil Rights Violations" against State Defendant. Given Plaintiff's reference to 42 U.S.C. § 1983 as the basis for federal question jurisdiction in this case, State Defendant infers that Count One is a §1983 claim based on

alleged violations of the Eighth and Fourteenth Amendments. (*See* Compl. ¶¶ 3, 23-25.)

This claim must be dismissed for lack of subject-matter jurisdiction.

A state is immune from suit in federal court unless the state has consented to be

sued or Congress has expressly abrogated the state's immunity.  U.S. Const. amend. XI;

*see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 100 (1984).  Federal courts lack jurisdiction over both federal

and state-law claims against unconsenting states. *Pennhurst*, 465 U.S. at 121; *Cooper v.*

*St. Cloud State Univ.*, 226 F.3d 964, 968-69 (8th Cir. 2000).  Minnesota has not waived

its Eleventh Amendment immunity from suit in federal court. *See DeGidio v. Perpich*,

612 F. Supp. 1383, 1388-89 (D. Minn. 1985).  Accordingly, Plaintiff's §1983 claim

seeking damages against State Defendant is barred by the Eleventh Amendment.

Additionally, State agencies are not "persons" subject to suit under §1983. *See*

*Brown v. Mo. Dep't of Corr.*, 353 F.3d 1038, 1041 (8th Cir. 2004) (citing *Will v. Mich.*

*Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that state officials are not

"persons" when sued in their official capacities)).  For these reasons, this Court cannot

hear and Plaintiff cannot maintain a §1983 claim against the Minnesota Department of

Corrections, and this claim must be dismissed for lack of subject-matter jurisdiction.

### B.    Plaintiff's Negligence Claim is Subject to Immunity

Plaintiff's state tort claim is also barred by Eleventh Amendment immunity.  The

Minnesota Tort Claims Act, which is a limited waiver of the State's sovereign immunity

for certain tort claims, does not waive the State's immunity from suit in federal court.

*See* Minn. Stat. § 3.736, subdiv. 2;  *Hoeffner v. Univ. of Minn.*, 948 F. Supp. 1380, 1392-

93 (D. Minn. 1996) (holding that the Minnesota Tort Claims Act was not an express waiver of the State's immunity under the Eleventh Amendment); *see also DeGidio v. Perpich*, 612 F. Supp. 1383 (D. Minn. 1985).  Plaintiff can point to no other source of a waiver of the State's sovereign immunity from suit.

C.     **Plaintiff's Negligence Claim Falls Outside the Scope of the Minnesota Tort Claims Act**

Even if the Minnesota Tort Claims Act could be considered a waiver of sovereign immunity from suit in federal court, Plaintiff's negligence claim against State Defendant must be dismissed.  The Minnesota Tort Claims Act constitutes a limited waiver of the State's sovereign immunity for claims arising from "injury to or loss of property or personal injury or death caused by an act or omission of an employee of the state while acting within the scope of office or employment," so long as "the state, if a private person, would be liable to the claimant." Minn. Stat. § 3.736, subdiv. 1.  As shown by Plaintiff's own allegations, Roberson was not an employee of the State

Plaintiff specifically alleges that State Defendant contracted its physician services out to Centurion. (Compl. ¶ 9.)  Plaintiff also alleges that Roberson "provided medical services to Plaintiff at [MCF-Faribault]…through a contract with Defendant CENTURION." (*Id.* ¶ 13.)  Further, Plaintiff alleges that "Defendant CENTURION, through its contract with MN DOC is, and at all times material herein, was charged by MN DOC with control and supervision of medical staff personnel at [MCF-Faribault], including Defendant Fred McRae Roberson, M.D." (*Id.* ¶ 11.)  In its Answer, Centurion

admitted that "Dr. Roberson was an employee of Centurion and has provided services at the Faribault correctional facility." (Ans. [Doc. No. 4] ¶¶ 11, 13.)

The Minnesota Tort Claims Act does not apply to actions by nonemployees. *See* Minn. Stat. § 3.736, subdiv. 1. Because Roberson was not an employee of the State, but rather the employee of its independent contractor for physician care, Plaintiff's negligence claim falls outside the scope of the Minnesota Tort Claims Act. *See Koelln v. Nexus Residential Treatment Facility*, 494 N.W.2d 914, 922 (Minn. Ct. App. 1993) (holding that the Minnesota Tort Claims Act did not apply to claims against defendant treatment facility because it was not an employee of the state or county); *see also Ossenfort v. Associated Milk Producers, Inc.*, 254 N.W.2d 672 (Minn. 1977) (distinguishing independent contractors from employees). Because State Defendant's Eleventh Amendment immunity has not been waived for this action, this Court lacks subject-matter jurisdiction to hear Plaintiff's claim against it.

## II.   PLAINTIFF'S CLAIMS ARE INSUFFICIENTLY PLEAD

Plaintiff's claims should also be dismissed for inadequate pleading under Fed. R. Civ. P. 8(a) and the *Twombly* standard.

### A.   Plaintiff Fails to Plead a §1983 Violation

Even if State Defendant were not immune from suit for §1983 violations, Plaintiff fails to plead sufficient factual allegations to raise a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. Plaintiff's statements in this claim are mere recitations of elements or legal conclusions. He declares that State Defendant "tolerated, permitted, failed to correct, failed to properly supervise and failed to properly instruct and train

medical staff," but makes no factual allegations about any training, instruction, or supervision by State Defendant in relation to these events. (Compl. ¶ 24.) These allegations fail to plausibly plead a §1983 claim.

### B.     Plaintiff Fails to Plead Negligence

Plaintiff's claim of negligence is similarly bare. Plaintiff declares that "Defendants negligently failed to provide appropriate and adequate medical equipment," but does not provide any further information about what equipment was missing and how that violated a duty of care. (*Id.* ¶ 33.) In fact, this legal conclusion contradicts one of the few factual allegations in the Complaint: Plaintiff's allegation that Roberson "refused to use a sterile loop provided to him by nurse supervisor Jody Ohnstad, RN." (*Id.* ¶ 19.) Plaintiff's allegation that Defendants "negligently disregarded Plaintiff's safety, health, and general well-being, including Plaintiff's serious medical needs," is also a legal conclusion and cannot give rise to an inference of liability. (*Id.* ¶ 32.) And without alleging any facts to show that Roberson was an employee of State Defendant, Plaintiff states the legal conclusion that State Defendant is liable "under the doctrine of *respondeat superior*." (*Id.* ¶ 34.) Plaintiff fails to plausibly plead any theory of negligence against State Defendant. Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

### CONCLUSION

Based on the foregoing, State Defendant respectfully requests that the Court grant its motion to dismiss.

Dated: November 26, 2018

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

s/ **Leah M. Tabbert**

LEAH M. TABBERT
Assistant Attorney General
Atty. Reg. No. 0398259

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1217 (Voice)
(651) 282-5832 (Fax)
leah.tabbert@ag.state.mn.us

ATTORNEY FOR STATE DEFENDANT